# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

AOUNI ABOUSALEH,

     *Plaintiff,*

v.

CONTINENTAL STRUCTURAL
PLASTICS, INC., a foreign corporation;
BRET HANNAM, in his individual and
corporate capacity; JEFF GESSNER, in his
individual and corporate capacity; TOM
SMITH, in his individual and corporate
capacity; BRUCE EISERLE, in his
individual and corporate capacity;
ROXANNE SIEBENECK, in her
individual and corporate capacity; GREG
GRAHAM, in his individual and corporate
capacity; JINA GRAHAM, in her
individual and corporate capacity;
JESSEKA FERDON (formerly JESSEKA
GRAHAM), in her individual and
corporate capacity, and JAMES ALBERT
SHEPPARD, in his individual and
corporate capacity,

     *Defendants.*

Case No. 2:18-cv-13591-SFC-SDD

Hon. District Judge Sean F. Cox

Magistrate Judge Stephanie Dawkins Davis

**DEFENDANTS' ANSWER TO
PLAINTIFF'S FIRST AMENDED
COMPLAINT AND AFFIRMATIVE
DEFENSES**

---

LAW OFFICES OF THOMAS R.
WARNICKE, PLLC
Thomas R. Warnicke (P26362)
*Attorneys for Plaintiff*
16291 W. 14 Mile Rd., Suite 21
Beverly Hills, MI  48025
(248) 930-4411
tom@warnickelaw.com

KEMP KLEIN LAW FIRM
Mark R. Filipp (P33874)
Faith M. Gaudaen (P59469)
*Attorneys for Defendants*
201 W. Big Beaver Road, Suite 600
Troy, MI 48084
(248) 619-2580
mark.filipp@kkue.com
faith.gaudaen@kkue.com

---

1

## <u>DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT<br>AND AFFIRMATIVE DEFENSES</u>

NOW COMES Defendants, CONTINENTAL STRUCTURAL PLASTICS, INC. (hereinafter referred to as "CSP"); BRET HANNAM (hereinafter referred to as "Mr. Hannam"); JEFF GESSNER (hereinafter referred to as "Mr. Gessner"); TOM SMITH (hereinafter referred to as "Mr. Smith"); BRUCE EISERLE (hereinafter referred to as "Mr. Eiserle"); ROXANNE SIEBENECK (hereinafter referred to as "Ms. Siebeneck"); GREG GRAHAM (hereinafter referred to as "Mr. Graham"); JINA GRAHAM (hereinafter referred to as "Ms. Graham"); JESSEKA FERDON (hereinafter referred to as "Ms. Ferdon"); and JAMES ALBERT SHEPPARD (hereinafter referred to as "Mr. Sheppard") through their attorneys, the Kemp Klein Law Firm, and in answer to the Plaintiff's First Amended Complaint states as follows:

## <u>JURISDICTION AND VENUE</u>

1.      Defendants neither admit nor deny the allegations contained in paragraph 1 for the reason they lack sufficient information upon which to form a belief as to the truth of the matter asserted and leave the Plaintiff to his proofs.

2.      Defendants neither admit nor deny the allegations contained in paragraph 2 for the reason they lack sufficient information upon which to form a belief as to the truth of the matter asserted and leave the Plaintiff to his proofs.

3.      Defendants neither admit nor deny the allegations contained in paragraph 3 for the reason they lack sufficient information upon which to form a belief as to the truth of the matter asserted and leave the Plaintiff to his proofs.

4.      Defendants admit.

5.      Defendants admit.

6.      Defendants admit.

7.      Defendants admit.

8.      Defendants admit.

9.      Defendants admit.

10.     Defendants admit.

11.     Defendants admit.

12.     Defendants admit.

13.     Defendants admit.

14.     Defendants admit.

15.     Defendants admit.

16.     Defendants admit that Mr. Eiserle was employed as Product Line Manager of the Carey, Ohio plant, but deny that he was so from 2011 to 2016 for the reason that it is untrue.  Mr. Eiserle was the Product Line Manager of the Carey, Ohio plant from approximately 2012 to 2015.

17.     Defendants admit that Mr. Eiserle was promoted, but Defendants deny that he was promoted to Corporate District Product Line Manager and that the promotion occurred in November 2016 for the reason that they are untrue.  Mr. Eiserle was promoted to the Regional Product Line Manager in approximately 2015.

18.     Defendants admit.

19.     Defendants admit.

20.     Defendants admit.

21.     Defendants admit that Mr. Graham has worked for CSP at Jeep, but Defendants deny that he worked as a Liaison and that he has worked there since 2009 for the reason that they are untrue.  Mr. Graham has worked as a Customer Liaison to Jeep since approximately 2008. Defendants neither admit nor deny the remaining allegations contained in paragraph 21 for the

reason they lack sufficient information upon which to form a belief as to the truth of the matter asserted and leave the Plaintiff to his proofs.

22. Defendants admit.

23. Defendants admit that Defendant Jina Graham has worked in the position of Quality Inspector. Defendants neither admit nor deny the remaining allegations contained in paragraph 23 for the reason they lack sufficient information upon which to form a belief as to the truth of the matter asserted and leave the Plaintiff to his proofs.

24. Defendants admit.

25. Defendants admit.

26. Defendants admit that Ms. Ferdon worked as a Quality Inspector in 2011, but Defendants deny that she continues to work for CSP for the reason that it is untrue. Defendants neither admit nor deny the remaining allegations contained in paragraph 26 for the reason they lack sufficient information upon which to form a belief as to the truth of the matter asserted and leave the Plaintiff to his proofs.

27. Defendants admit.

28. Defendants admit.

29. Defendants admit.

30. Defendants admit that Defendant James Sheppard was given a title by CSP at the Jeep Plant, but Defendants deny that the title was 'Lead Quality Liaison' for the reason that it is untrue. Mr. Sheppard was, and is, CSP's Customer Quality Service Engineer at the Jeep Plant.

31. Defendants admit.

32. Defendants admit.

33.     Defendants neither admit nor deny the allegations contained in paragraph 33 for the reason they lack sufficient information upon which to form a belief as to the truth of the matter asserted and leave the Plaintiff to his proofs.

34.     Defendants neither admit nor deny the allegations contained in paragraph 34 for the reason they lack sufficient information upon which to form a belief as to the truth of the matter asserted and leave the Plaintiff to his proofs.

35.     Defendants neither admit nor deny the allegations contained in paragraph 35 for the reason they lack sufficient information upon which to form a belief as to the truth of the matter asserted and leave the Plaintiff to his proofs.

## GENERAL ALLEGATIONS AND STATEMENT OF CLAIMS

36.     Defendants incorporate by reference all prior paragraphs of this Answer.

37.     Defendants neither admit nor deny the allegations contained in paragraph 37 for the reason they lack sufficient information upon which to form a belief as to the truth of the matter asserted and leave the Plaintiff to his proofs.

38.     Defendants neither admit nor deny the allegations contained in paragraph 38 for the reason they lack sufficient information upon which to form a belief as to the truth of the matter asserted and leave the Plaintiff to his proofs.

39.     Defendants neither admit nor deny the allegations contained in paragraph 39 for the reason they lack sufficient information upon which to form a belief as to the truth of the matter asserted and leave the Plaintiff to his proofs.

40.     Defendants neither admit nor deny the allegations contained in paragraph 40 for the reason they lack sufficient information upon which to form a belief as to the truth of the matter asserted and leave the Plaintiff to his proofs.

41.     Defendants neither admit nor deny the allegations contained in paragraph 41 for the reason they lack sufficient information upon which to form a belief as to the truth of the matter asserted and leave the Plaintiff to his proofs.

42.     Defendants neither admit nor deny the allegations contained in paragraph 42 for the reason they lack sufficient information upon which to form a belief as to the truth of the matter asserted and leave the Plaintiff to his proofs.

43.     Defendants neither admit nor deny the allegations contained in paragraph 43 for the reason they lack sufficient information upon which to form a belief as to the truth of the matter asserted and leave the Plaintiff to his proofs.

44.     Defendants neither admit nor deny the allegations contained in paragraph 44 for the reason they lack sufficient information upon which to form a belief as to the truth of the matter asserted and leave the Plaintiff to his proofs.

45.     Defendants deny that John Vargo contacted CSP or that he highly recommended that they contact Plaintiff and retain Plaintiff's services for the reason that they are untrue. Defendants admit that they became aware of Plaintiff through John Vargo, as Mr. Graham asked Mr. Vargo if he knew anyone.  Defendants neither admit nor deny the remaining allegations contained in paragraph 45 for the reason they lack sufficient information upon which to form a belief as to the truth of the matter asserted and leave the Plaintiff to his proofs.

46.     Defendants admit that CSP offered Plaintiff an independent contractor position, but deny that CSP offered Plaintiff employment for the reason that it is untrue.

47.     Defendants deny that CSP offered Plaintiff employment for the reason that it is untrue; Defendants admit that Plaintiff's contract with CSP was as an independent contractor in the

position of Company Liaison to Jeep and pursuant to that contract he was paid hourly in the amount of $25 per hour.

48.     Defendants neither admit nor deny the allegations contained in paragraph 48 for the reason they lack sufficient information upon which to form a belief as to the truth of the matter asserted and leave the Plaintiff to his proofs.

49.     Defendants deny the allegations in paragraph 49 for the reason that they are untrue.

50.     Defendants admit that the afternoon shift ran from 5:00 p.m. to 3:30 a.m., or until the production line went down.

51.     Defendants admit that the day shift ran from 5:30 a.m. to 4:00 p.m., or until the production line went down.

52.     Defendants deny the allegations in paragraph 52 for the reason that Plaintiff was not offered employment.   Defendants admit that Plaintiff accepted an independent contractor position in 2009.

53.     Defendants deny the allegation in paragraph 53 for the reason that Plaintiff was not hired as an employee of CSP.   Defendants admit that Defendant Greg Graham was the day shift Company Liaison.

54.     Defendants neither admit nor denies the allegations contained in paragraph 54 for the reason they lack sufficient information upon which to form a belief as to the truth of the matter asserted and leave the Plaintiff to his proofs.

55.     Defendants admit.

56.     Defendants neither admit nor deny the allegations contained in paragraph 56 for the reason they lack sufficient information upon which to form a belief as to the truth of the matter asserted and leave the Plaintiff to his proofs.

57.     Defendants neither admit nor deny the allegations contained in paragraph 57 for the reason they lack sufficient information upon which to form a belief as to the truth of the matter asserted and leave the Plaintiff to his proofs.

58.     Defendants neither admit nor deny the allegations contained in paragraph 58 for the reason they lack sufficient information upon which to form a belief as to the truth of the matter asserted and leave the Plaintiff to his proofs.

59.     Defendants neither admit nor deny the allegations contained in paragraph 59 for the reason they lack sufficient information upon which to form a belief as to the truth of the matter asserted and leave the Plaintiff to his proofs.

60.     Defendants deny the allegation in paragraph 60 that Plaintiff was employed, as Plaintiff was not hired as an employee of CSP; in furtherance, Defendants neither admit nor deny the remaining allegations in paragraph 60 for the reason they lack sufficient information upon which to form a belief as to the truth of the matters asserted and leave the Plaintiff to his proofs.

61.     Defendants deny the allegations in Paragraph 61 for the reason that they are untrue. Defendants further state that the badges used at the Jeep plant were issued by Fiat Chrysler Automobiles ("FCA"), and not CSP.  Further, FCA regularly had individuals use the same physical badge, even though that person changed affiliations. FCA would simply update the affiliations in their computer system.

62.     Defendants deny the allegations in paragraph 62 for the reason that they are untrue.

63.     Defendants deny the allegations in paragraph 63 for the reason that they are untrue.

64.     Defendants deny that CSP allowed Mr. Graham to hire his wife and daughter to assist him, for the reason that Mrs. Graham and Ms. Ferdon were originally hired to work with Plaintiff on the afternoon shift, not Mr. Graham on the day shift.  Defendants neither admit nor

deny whether Plaintiff was frustrated for the reason that they lack sufficient information upon which to form a belief as to the truth of the matter asserted and leave the Plaintiff to his proofs.

65.     Defendants deny the allegations in Paragraph 65 for the reason that they are untrue. Mr. Graham retired from Dana Corporation prior to beginning work with CSP.   However, Defendants admit that Mr. Graham has worked small temporary projects for Dana Corporation on a few occasions.

66.     Defendants deny the allegations in Paragraph 66 for the reason that they are untrue.

67.     Defendants admit that Mr. Graham has received health insurance from Dana Corporation, which he receives as a result of his retirement buyout, not as a result of being employed by Dana.  Defendants deny the remaining allegations in Paragraph 67 for the reason that they are untrue.

68.     Defendants deny the allegations in paragraph 68 for the reason that they are untrue.

69.     Defendants deny the allegations in paragraph 69 for the reason that they are untrue.

70.     Defendants deny the allegations in paragraph 70 for the reason that they are untrue.

71.     Defendants deny the allegations in paragraph 71 for the reason that they are untrue.

72.     Defendants deny the allegations in paragraph 72 for the reason that they are untrue. Ms. Ferdon was originally contracted by CSP to work with Plaintiff, not Mr. Graham.

73.     Defendants deny the allegations in paragraph 73 for the reason that they are untrue.

74.     Defendants deny the allegations in paragraph 74 for the reason that they are untrue.

75.     Defendants deny the allegations in paragraph 75 for the reason that they are untrue.

76.     Defendants deny the allegations in paragraph 76 for the reason that they are untrue.

77.     Defendants deny the allegations in paragraph 77 for the reason that they are untrue.

78.     Defendants neither admit nor deny the allegations contained in paragraph 78 for the reason that they lack sufficient information upon which to form a belief as to the truth of the matter asserted and leave the Plaintiff to his proofs.

79.     Defendants deny the allegations in paragraph 79 for the reason that they are untrue.

80.     Defendants deny the allegations in paragraph 80 for the reason that they are untrue.

81.     Defendants neither admit nor deny the allegations contained in paragraph 81 for the reason they lack sufficient information upon which to form a belief as to the truth of the matter asserted and leave the Plaintiff to his proofs.

82.     Defendants neither admit nor deny the allegations contained in paragraph 82 for the reason they lack sufficient information upon which to form a belief as to the truth of the matter asserted and leave the Plaintiff to his proofs.

83.     Defendants neither admit nor deny the allegations contained in paragraph 83 for the reason they lack sufficient information upon which to form a belief as to the truth of the matter asserted and leave the Plaintiff to his proofs.

84.     Defendants deny the allegations in paragraph 84 for the reason that they are untrue.

85.     Defendants neither admit nor deny the allegations contained in paragraph 85 for the reason they lack sufficient information upon which to form a belief as to the truth of the matter asserted and leave the Plaintiff to his proofs.

86.     Defendants neither admit nor deny the allegations contained in paragraph 86 for the reason they lack sufficient information upon which to form a belief as to the truth of the matter asserted and leave the Plaintiff to his proofs.

87. Defendants neither admit nor deny the allegations contained in paragraph 87 for the reason they lack sufficient information upon which to form a belief as to the truth of the matter asserted and leave the Plaintiff to his proofs.

88. Defendants neither admit nor deny the allegations contained in paragraph 88 for the reason they lack sufficient information upon which to form a belief as to the truth of the matter asserted and leave the Plaintiff to his proofs.

89. Defendants deny that Plaintiff had to complete Mr. Graham's work for the reason that it is untrue. Defendants neither admit nor deny the remaining allegations contained in paragraph 89 for the reason they lack sufficient information upon which to form a belief as to the truth of the matter asserted and leave the Plaintiff to his proofs.

90. Defendants neither admit nor deny the allegations contained in paragraph 90 for the reason they lack sufficient information upon which to form a belief as to the truth of the matter asserted and leave the Plaintiff to his proofs.

91. Defendants neither admit nor deny the allegations contained in paragraph 91 for the reason they lack sufficient information upon which to form a belief as to the truth of the matter asserted and leave the Plaintiff to his proofs.

92. Defendants neither admit nor deny the allegations contained in paragraph 92 for the reason they lack sufficient information upon which to form a belief as to the truth of the matter asserted and leave the Plaintiff to his proofs.

93. Defendants neither admit nor deny the allegations contained in paragraph 93 for the reason they lack sufficient information upon which to form a belief as to the truth of the matter asserted and leave the Plaintiff to his proofs.

94.     Defendants neither admit nor deny the allegations contained in paragraph 94 for the reason they lack sufficient information upon which to form a belief as to the truth of the matter asserted and leave the Plaintiff to his proofs.

95.     Defendants neither admit nor deny the allegations contained in paragraph 95 for the reason that the document speaks for itself.

96.     Defendants deny the allegations contained in paragraph 96 for the reason they are untrue.

97.     Defendants admit.

98.     Defendants admit.

99.     Defendants admit.

100.    Defendants deny the allegations in paragraph 100 for the reason they are untrue.

101.    Defendants admit that Defendant CSP suspended Plaintiff's contract with Defendant CSP, but Defendants deny that Plaintiff was employed by Defendant CSP for the reason that it is untrue.

102.    Defendants deny the allegations in paragraph 102 for the reason that they are untrue.

103.    Defendants deny the allegations in paragraph 103 for the reason that they are untrue.

104.    Defendants admit.

105.    Defendants neither admit nor deny the allegations contained in paragraph 105 for the reason they lack sufficient information upon which to form a belief as to the truth of the matter asserted and leave the Plaintiff to his proofs.

106.     Defendants neither admit nor deny the allegations contained in paragraph 106 for the reason they lack sufficient information upon which to form a belief as to the truth of the matter asserted and leave the Plaintiff to his proofs.

107.     Defendants neither admit nor deny the allegations contained in paragraph 107 for the reason they lack sufficient information upon which to form a belief as to the truth of the matter asserted and leave the Plaintiff to his proofs.

108.     Defendants admit.

109.     Defendants admit.

110.     Defendants admit.

111.     Defendants admit.

112.     Defendants neither admit nor deny the allegations contained in paragraph 112 for the reason they lack sufficient information upon which to form a belief as to the truth of the matter asserted and leave the Plaintiff to his proofs.

113.     Defendants neither admit nor deny the allegations contained in paragraph 113 for the reason they lack sufficient information upon which to form a belief as to the truth of the matter asserted and leave the Plaintiff to his proofs.

114.     Defendants admit.

115.     Defendants admit.

116.     Defendants neither admit nor deny the allegations contained in paragraph 116 for the reason they lack sufficient information upon which to form a belief as to the truth of the matter asserted and leave the Plaintiff to his proofs.

117.     Defendants admit

118.     Defendants admit.

119.     Defendants neither admit nor deny the allegations contained in paragraph 119 for the reason they lack sufficient information upon which to form a belief as to the truth of the matter asserted and leave the Plaintiff to his proofs.

120.     Defendants admits.

121.     Defendants neither admit nor deny the allegations contained in paragraph 121 for the reason they lack sufficient information upon which to form a belief as to the truth of the matter asserted and leave the Plaintiff to his proofs.

122.     Defendants neither admit nor deny the allegations contained in paragraph 122 for the reason they lack sufficient information upon which to form a belief as to the truth of the matter asserted and leave the Plaintiff to his proofs.

123.     Defendants deny the allegations in paragraph 123 for the reason that they are untrue.

124.     Defendants neither admit nor deny the allegations contained in paragraph 124 for the reason they lack sufficient information upon which to form a belief as to the truth of the matter asserted and leave the Plaintiff to his proofs.

125.     Defendants neither admit nor deny the allegations contained in paragraph 125 for the reason they lack sufficient information upon which to form a belief as to the truth of the matter asserted and leave the Plaintiff to his proofs.

126.     Defendants neither admit nor deny the allegations contained in paragraph 126 for the reason they lack sufficient information upon which to form a belief as to the truth of the matter asserted and leave the Plaintiff to his proofs.

127.     Defendants neither admit nor deny the allegations contained in paragraph 127 for the reason they lack sufficient information upon which to form a belief as to the truth of the matter asserted and leave the Plaintiff to his proofs.

128.     Defendants neither admit nor deny the allegations contained in paragraph 128 for the reason they lack sufficient information upon which to form a belief as to the truth of the matter asserted and leave the Plaintiff to his proofs.

129.     Defendants admit.

130.     Defendants deny the allegations in paragraph 130 for the reason that they are untrue.

131.     Defendants deny the allegations in paragraph 131 for the reason that they are untrue.

132.     Defendants admit.

133.     Defendants deny the allegations in paragraph 133 for the reason that they are untrue.

134.     Defendants deny the allegations in paragraph 134 for the reason that they are untrue.

135.     Defendants deny the allegations contained in paragraph 135 for the reason that they are untrue.

136.     Defendants neither admit nor deny the allegations contained in paragraph 136 for the reason they lack sufficient information upon which to form a belief as to the truth of the matter asserted and leave the Plaintiff to his proofs.

137.     Defendants neither admit nor deny the allegations contained in paragraph 137 for the reason they lack sufficient information upon which to form a belief as to the truth of the matter asserted and leave the Plaintiff to his proofs.

138.     Defendants neither admit nor deny the allegations contained in paragraph 138 for the reason they lack sufficient information upon which to form a belief as to the truth of the matter asserted and leave the Plaintiff to his proofs.

139.     Defendants neither admit nor deny the allegations contained in paragraph 139 for the reason they lack sufficient information upon which to form a belief as to the truth of the matter asserted and leave the Plaintiff to his proofs.

140.     Defendants neither admit nor deny the allegations contained in paragraph 140 for the reason they lack sufficient information upon which to form a belief as to the truth of the matter asserted and leave the Plaintiff to his proofs.

141.     Defendants neither admit nor deny the allegations contained in paragraph 141 for the reason they lack sufficient information upon which to form a belief as to the truth of the matter asserted and leave the Plaintiff to his proofs.

142.     Defendants neither admit nor deny the allegations contained in paragraph 142 for the reason they lack sufficient information upon which to form a belief as to the truth of the matter asserted and leave the Plaintiff to his proofs.

143.     Defendants neither admit nor deny the allegations contained in paragraph 143 for the reason they lack sufficient information upon which to form a belief as to the truth of the matter asserted and leave the Plaintiff to his proofs.

144.    Defendants neither admit nor deny the allegations contained in paragraph 144 for the reason they lack sufficient information upon which to form a belief as to the truth of the matter asserted and leave the Plaintiff to his proofs.

145.    Defendants neither admit nor deny the allegations contained in paragraph 145 for the reason they lack sufficient information upon which to form a belief as to the truth of the matter asserted and leave the Plaintiff to his proofs.

146.    Defendants neither admit nor deny the allegations contained in paragraph 146 for the reason they lack sufficient information upon which to form a belief as to the truth of the matter asserted and leave the Plaintiff to his proofs.

147.    Defendants neither admit nor deny the allegations contained in paragraph 147 for the reason they lack sufficient information upon which to form a belief as to the truth of the matter asserted and leave the Plaintiff to his proofs.

148.    Defendants neither admit nor deny the allegations contained in paragraph 148 for the reason they lack sufficient information upon which to form a belief as to the truth of the matter asserted and leave the Plaintiff to his proofs.

### COUNT 1

### VIOLATION OF THE FAIR LABOR STANDARDS ACT
### "FLSA" – 29 USC 201 et seq.

149.    Defendants incorporate by reference all prior paragraphs of this Answer.

150.    Defendants neither admit nor deny the allegations contained in paragraph 150 for the reason they lack sufficient information upon which to form a belief as to the truth of the matter asserted and leave the Plaintiff to his proofs.

151.     Defendants neither admit nor deny the allegations contained in paragraph 151 for the reason they lack sufficient information upon which to form a belief as to the truth of the matter asserted and leave the Plaintiff to his proofs.

152.     Defendants deny the allegations in paragraph 152 for the reason that they are untrue.

153.     Defendants neither admit nor deny the allegations contained in paragraph 153 for the reason they lack sufficient information upon which to form a belief as to the truth of the matter asserted and leave the Plaintiff to his proofs.

154.     Defendants admit.

155.     Defendants deny the allegations in paragraph 155 for the reason that they are untrue.

156.     Defendants neither admit nor deny the allegations contained in paragraph 156 for the reason they lack sufficient information upon which to form a belief as to the truth of the matter asserted and leave the Plaintiff to his proofs.

157.     Defendants deny the allegations in paragraph 157 for the reason that they are untrue.

158.     Defendants neither admit nor deny the allegations contained in paragraph 158 for the reason they lack sufficient information upon which to form a belief as to the truth of the matter asserted and leave the Plaintiff to his proofs.

159.     Defendants deny the allegations in paragraph 159 for the reason that they are untrue.

160.     Defendants deny the allegations in paragraph 160 for the reason that they are untrue.

161.    Defendants deny the allegations in paragraph 161 for the reason that they are untrue.

162.    Defendants deny the allegations in paragraph 162 for the reason that they are untrue.

163.    Defendants deny the allegations in paragraph 163 for the reason that they are untrue.

164.    Defendants deny the allegations in paragraph 164 for the reason that they are untrue.

165.    Defendants deny the allegations in paragraph 165 for the reason that they are untrue.

166.    Defendants deny the allegations in paragraph 166 for the reason that they are untrue.

167.    Defendants deny the allegations in paragraph 167 for the reason that they are untrue.

168.    Defendants deny the allegations in paragraph 168 for the reason that they are untrue.

169.    Defendants deny that this matter may be a "collective action" under federal law for the reason that it is untrue; Defendants neither admit nor deny the remaining allegations contained in paragraph 169 for the reason they lack sufficient information upon which to form a belief as to the truth of the matter asserted and leave the Plaintiff to his proofs.

170.    Defendants deny the allegations in paragraph 170 for the reason that they are untrue.

171.    Defendants deny that conditional certification should be granted, for the reason that it is untrue.

172.    Defendants neither admit nor deny the allegations contained in paragraph 172 for the reason that the statute speaks for itself.

173.    Defendants neither admit nor deny the allegations contained in paragraph 173 for the reason they lack sufficient information upon which to form a belief as to the truth of the matter asserted and leave the Plaintiff to his proofs.

174.    Defendants deny the allegations in paragraph 174 for the reason that they are untrue.

WHEREFORE, Defendants pray that Plaintiff's First Amended Complaint be dismissed with prejudice, and that Defendants be awarded reasonable costs and attorney fees so wrongfully incurred in defending this action.

## COUNT 2

### WRONGFUL TERMINATION IN
### VIOLATION OF PUBLIC POLICY

175.    Defendants incorporate by reference all prior paragraphs of this Answer.

176.    Defendants deny the allegations in paragraph 176 for the reason that they are untrue.

177.    Defendants deny that Defendant James Albert Sheppard is a bogus third party for the reason that it is untrue.  Defendants further admit that Plaintiff was to report to Defendant James Sheppard.

178.    Defendants admit that Defendant James Sheppard is not, and never has been, an employee of CSP.

179.    Defendants deny the allegations in paragraph 179 for the reason that they are untrue.

180.    Defendants deny the allegations in paragraph 180 for the reason that they are untrue.

181.    Defendants deny the allegations in paragraph 181 for the reason that they are untrue.

182.    Defendants deny the allegations in paragraph 182 for the reason that they are untrue.

183.    Defendants deny the allegations in paragraph 183 for the reason that they are untrue.

184.    Defendants deny the allegations in paragraph 184 for the reason that they are untrue.

185.    Defendants deny the allegations in paragraph 185 for the reason that they are untrue.

186.    Defendants deny the allegations in paragraph 186 for the reason that they are untrue.

187.    Defendants deny the allegations in paragraph 187 for the reason that they are untrue.

188.    Defendants deny the allegations in paragraph 188 for the reason that they are untrue.

189.    Defendants deny the allegations in paragraph 189 for the reason that they are untrue.

190.    Defendants deny the allegations in paragraph 190 for the reason that they are untrue.

191.    Defendants deny the allegations in paragraph 191 for the reason that they are untrue.

192.    Defendants deny the allegations in paragraph 192 for the reason that they are untrue.

193.    Defendants deny the allegations in paragraph 193 for the reason that they are untrue.

194.    Defendants deny that Plaintiff was ever asked to violate any laws for the reason that it is untrue.  Defendants neither admit nor deny the remaining allegations in paragraph 194 for the reason they lack sufficient information upon which to form a belief as to the truth of the matter asserted and leave the Plaintiff to his proofs.

195.    Defendants deny the allegations in paragraph 195 for the reason that they are untrue.

196.    Defendants deny the allegations in paragraph 196 for the reason that they are untrue.

WHEREFORE, Defendants pray that Plaintiff's First Amended Complaint be dismissed with prejudice, and that Defendants be awarded reasonable costs and attorney fees so wrongfully incurred in defending this action.

## COUNT 3
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

197.    Defendants incorporate by reference all prior paragraphs of this Answer.

198.    Defendants deny the allegations in paragraph 198 for the reason that they are untrue.

WHEREFORE, Defendants pray that Plaintiff's First Amended Complaint be dismissed with prejudice, and that Defendants be awarded reasonable costs and attorney fees so wrongfully incurred in defending this action.

## COUNT 4
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

199.    Defendants incorporate by reference all prior paragraphs of this Answer.

200.    Defendants deny the allegations in paragraph 200 for the reason that they are untrue.

WHEREFORE, Defendants pray that Plaintiff's First Amended Complaint be dismissed with prejudice, and that Defendants be awarded reasonable costs and attorney fees so wrongfully incurred in defending this action.

Respectfully submitted,

KEMP KLEIN LAW FIRM

Dated:  April 26, 2019

/s/   *Faith M. Gaudaen*
Mark R. Filipp (P33874)
Faith M. Gaudaen (P59469)
*Attorneys for Defendants*
201 West Big Beaver Rd., Suite 600
Troy, MI  48084
(248) 528-1111

## DEFENDANTS' AFFIRMATIVE DEFENSES

1.      In his Complaint, Plaintiff has failed to state a claim upon which relief can be granted against Defendants, or any of them.

2.      At the time that Defendant CSP suspended/terminated its contract with Plaintiff, Defendants were unaware that Plaintiff had filed a complaint with the Department of Labor, so Defendants could not have retaliated against Plaintiff.

3.      Defendant CSP suspended/terminated its contract with Plaintiff for legitimate, non-retaliatory reasons, as Plaintiff refused to work with Defendant CSP's representative.

4.      Defendants acted in good faith in their dealings with Plaintiff.

5.      Plaintiff cannot maintain claims against the individual Defendants as they are not personally liable as a matter of law and/or fact.

6.      Plaintiff's claims are barred, in whole or in part, under the doctrines of estoppel, waiver, unclean hands and/or laches.

7.      Plaintiff's claims are barred, in whole or in part, as Defendants did not act knowingly, deliberately or intentionally.

8.      Plaintiff's claims must be reduced, in whole or in part, based on its failure to mitigate damages.

9.      Plaintiff's claims for a "collective action" must fail as Plaintiff has failed to plead any such claim.

10.     Plaintiff's claims against the individual Defendant's must fail as Plaintiff has failed to plead any action of the individual Defendants that would justify relief.

11.     Plaintiff's claims are barred, in part, under the statute of limitations.

12. Plaintiff's claims are barred as a result of payment, release and/or accord and satisfaction.

13. Defendants reserve the right to assert additional and further affirmative defenses as may become known to them as this matter proceeds.

Respectfully submitted,

KEMP KLEIN LAW FIRM

Dated: April 26, 2019          /s/ *Faith M. Gaudaen*
Mark R. Filipp (P33874)
Faith M. Gaudaen (P59469)
*Attorneys for Defendants*
201 West Big Beaver Rd., Suite 600
Troy, MI 48084
(248) 528-1111

#4838-4833-3972

25